| Attorney or Party Name, Address, Phone, Fax, Email:<br>**Blake Goodman, P.C.**<br>**900 Fort Street Mall, #1727**<br>**Honolulu, HI 96813**<br>tel: (808) 528-4274<br>fax: (808) 536-1008<br>email:  goodman@hawaii.rr.com | <br>UNITED STATES BANKRUPTCY COURT DISTRICT OF HAWAII<br>1132 Bishop Street, Suite 250<br>Honolulu, Hawaii 96813<br>hib_2016-1g1(12/09) |
|---|---|
| Debtor(s):<br>　　　Anthony Tarano Mesa<br>　　　Kathleen Mesa | Case No.:<br><br>Chapter 13 |

## RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 DEBTORS AND ATTORNEYS

A debtor in a Chapter 13 bankruptcy case must understand the debtor's rights and responsibilities.  The debtor must also know and understand his or her attorney's responsibilities and the importance of communicating with the attorney to make the case successful.  In order to assure a mutual understanding of these rights and responsibilities in the bankruptcy process, the debtor and the attorney agree as stated below.  Reference to a debtor includes a joint debtor, if any.

### BEFORE THE PETITION IS FILED

*Debtor agrees to:*
1. Discuss with the attorney the debtor's objectives in filing the bankruptcy case.
2. Inform the attorney of any and all prior bankruptcy cases filed by the debtor.
3. Timely provide the attorney with accurate, complete information about the debtor's financial situation, including assets and debts, income and expenses, domestic support obligations such as alimony, child support, and divorce agreements, and the status of tax returns and payments.
4. For the pre-bankruptcy period specified by the attorney, timely provide copies of:
    a. Pay stubs or other evidence of payment received from an employer;
    b. All federal tax returns or transcripts of the returns; and
    c. All bills, notices, statements, or communications from creditors.

*Attorney agrees to:*
1. Personally meet with the debtor to review the debtor's financial information.
2. Personally counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor as well as non-bankruptcy options, and answer the debtor's questions.
3. Personally explain to the debtor the requirement for obtaining budget and credit counseling from an approved agency prior to filing the bankruptcy petition and the need to file a certificate issued by the agency.
4. Personally explain to the debtor the requirement to complete a personal financial management course before a discharge may be granted.
5. Personally explain to the debtor the matters in which the attorney will represent the debtor.
6. Personally review with the debtor and obtain the debtor's signature on the completed petition, schedules, statements, and plan, or Declaration re: Electronic Filing if the documents are filed via ECF.  (Clerical or paralegal staff may prepare the documents, but the attorney must perform the review.)

7. Timely prepare and file on the debtor's behalf the completed petition, schedules, statements (including the Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income), plan with related motions to value collateral or to avoid liens, and any amendments before or after the petition is filed.
8. Personally advise the debtor that, unless an extension is granted, a failure to file the schedules, statements and plan by certain deadlines may result in dismissal of the bankruptcy case with a 180-day bar to refiling.
9. Personally explain which payments will be made directly by the debtor and which payments will be made through the plan, with particular attention to mortgage and vehicle loan or lease payments, as well as any other claims which accrue interest.
10. Personally explain to the debtor how, when, and where to make the Chapter 13 plan payments, and discuss the availability of a wage order as a means to ensure payments to the Trustee.
11. Personally explain to the debtor that the plan payment must be made to the trustee monthly beginning 30 days after the petition is filed.
12. Personally explain to the debtor how the attorney's fees and the trustee's fees are paid and provide an executed copy of this document to the debtor.
13. Personally advise the debtor of the requirement to attend the § 341 meeting of creditors, and instruct the debtor as to the date, time and place of the meeting and other information which will be sent by the court in the notice of the commencement of the case.
14. Personally advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases, and appropriate insurance if the case involves a business.
15. Personally advise the debtor that failure to file current and delinquent tax returns will prohibit confirmation of a plan, delay the case, and may result in dismissal of the case.
16. Personally advise the debtor of the requirement to provide the Trustee with a copy of each federal tax return, or transcript of the return, for each tax year during the bankruptcy case.
17. Personally advise the debtor that a failure to be current on domestic support obligations will prohibit confirmation of the plan and delay the case.
18. Personally advise the debtor that court approval is required for post-confirmation sales of real or personal property and incurring new debt that exceeds $1,000.

## AFTER THE PETITION IS FILED

*Debtor agrees to:*

1. Appear punctually at the § 341 meeting of creditors with recent proof of income, a photo identification card, proof of Social Security number, and any financial documentation as requested by the attorney or the Trustee.
2. Timely make the required payments to the Trustee and to any creditors being paid directly.
3. Timely pay any domestic support obligations, such as alimony and child support.
4. Promptly inform the attorney if the debtor loses his or her job or has other financial problems, including missing payments to the Trustee, on a mortgage or other secured debt, or domestic support obligation.
5. Provide the Trustee annually with copies of the most recent federal tax return and updated schedules "I" and "J" for income and expenses, and a statement of monthly income that shows how income, expenditures, and monthly income are calculated.
6. Keep the trustee and the attorney informed of the debtor's current address and telephone number.
7. Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
8. Inform the attorney if the debtor is sued or wishes to file a lawsuit during the case.

9. Contact the attorney before buying, refinancing, or selling real property and before entering into any long-term loan agreements to find out what approvals are required.
10. Maintain liability, collision and comprehensive insurance on vehicles securing loans or leases, and appropriate insurance if the case involves a business.
11. Complete a personal financial management course from an approved agency prior to making the last payment due under the plan.
12. At the time of the last plan payment, certify that all domestic support obligations have been paid.

***Attorney agrees to:***
1. Appear at the § 341 meeting of creditors with the debtor or, in an emergency, arrange at no cost to the debtor for another attorney to appear on behalf of the debtor.
2. Prepare, file and serve necessary amended statements and schedules, and notice of any change in the debtor's address, in accordance with information provided by the debtor.
3. Respond to objections to plan confirmation, and where necessary, prepare an amended plan.
4. Prepare, file, and serve necessary modifications to the plan in the best interest of the debtor which may include suspending, lowering, or increasing plan payments or duration.
5. Prepare, file, and serve necessary motions to buy, sell, or refinance real property when appropriate.
6. Object to improper or invalid claims, if necessary, and file a claim on behalf of the debtor when failure to do so will adversely affect the debtor's case or its successful completion and discharge or such failure will adversely affect the debtor after case completion and discharge.
7. Represent the debtor in motions for relief from stay and motions to dismiss.
8. Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.
9. Prepare and submit the proposed order confirming plan, if not prepared by the trustee.
10. Provide such other legal services as are necessary for the administration of the present case through plan confirmation, except that representation or non-representation in an adversary proceeding may be the subject of a separate agreement of the debtor and the attorney.
11. Promptly respond to the debtor's questions and inquiries during the pendency of the case.

## ATTORNEY FEES

Fixing the attorney fees for a chapter 13 case is a two step process. First, the attorney and the client must agree upon an amount. Second, the court must decide whether that amount is reasonable.

Normally, in order to obtain the court's approval of attorney fees, the attorney must file a detailed application listing specific work done on specific dates. However, the court will approve chapter 13 attorney fees without a detailed application in order to make routine cases faster and less expensive. The total amount of attorney fees will be approved as part of plan confirmation so long as the amounts being charged are not greater than certain amounts presumed by the court to be reasonable for particular services. The total amount of fees that will be approved will depend on the number and complexity of the issues in the case. Issues that make a case more difficult and more expensive usually involve an ongoing foreclosure, repossession, or garnishment; delinquent tax returns or payments; alimony, child support, and other domestic obligations that are past due; asking the court to value property that secures a mortgage or loan; and requesting the court to make a lien or security interest void.

For cases filed on and after December 1, 2009, the court has decided the following amounts are reasonable for services that an attorney normally performs before a plan is confirmed. These amounts include associated costs.

- For basic services, the attorney may charge **$3,200**.  <u>If the plan is confirmed without a continuance of the initially scheduled confirmation hearing, the attorney may charge **$3,500**</u>.

  - If the debtor owns real property which is involved in a foreclosure or which is likely to be the subject of a dispute, for services performed prior to the 1-year anniversary of the date the petition is filed or the case is converted to chapter 13, whichever is later, the attorney may charge an additional **$600**.

  - If the debtor is involved in an ongoing repossession of a vehicle or other personal property, or if the debtor is the subject of a wage garnishment, the attorney may charge an additional **$400**.

  - If the debtor wishes to file a plan related motion to avoid a lien on personal property or a plan related motion to value collateral with respect to personal property, the attorney may charge an additional **$150 per motion**. (The total additional charge, however, for these types of motions may not exceed **$350**.)

  - If the debtor wishes to file a plan related motion to avoid a lien on real property or a plan related motion to value collateral with respect to real property, the attorney may charge an additional **$250 per motion**. (The total additional charge, however, for these types of motions may not exceed **$600**.)

  - If the debtor wishes to extend or impose the automatic stay in a case filed after dismissal of one or more prior cases during the previous year, the attorney may charge **$400**.

  - If there are unfiled tax returns due, the attorney may charge an additional **$200**.

  - If the debtor operates a business, the attorney may charge an additional **$1,500**.

The fee amounts above are amounts that the court will approve as part of plan confirmation.  In some cases, the above amounts may be more or less than what is needed to fairly compensate the attorney.  The attorney and the client may agree to lesser amounts.  But if the attorney and the client agree upon higher amounts, the attorney must file a detailed application and obtain the court's approval.  The court always has the power to increase or decrease the amount to which the attorney and the client have agreed.

The debtor may pre-pay all or part of the attorney fees before the petition is filed, but the attorney may not accept more than the amounts stated above. The chapter 13 Trustee will pay any fees which the court approves and which the debtor did not pre-pay.

In some cases, the attorney has to do more work than expected after the plan is confirmed.  If this occurs, the attorney may ask the court to approve additional fees. The Chapter 13 Attorney Fee Guidelines include fee amounts for certain post-confirmation services. If the court approves additional fees, the chapter 13 Trustee ordinarily will pay them, unless the court orders otherwise. After the bankruptcy petition is filed, the attorney may not receive any fees directly from the debtor or from anyone else on the debtor's behalf unless the court gives permission; the attorney may, however, request and receive a retainer from the debtor or another party and deposit it in the attorney's trust account, but the attorney may not draw on the retainer without the court's approval.

If the debtor and the attorney do not agree on the amount of additional fees to be charged for services that were not expected, the attorney may ask the court for permission to withdraw from the

case. However, the attorney must continue to provide legal services until the court approves the attorney's withdrawal.

Additional information about attorney fees is posted on the court's website, www.hib.uscourts.gov.

***Debtor(s) and Attorney agree that this case involves the following issues and fee amounts:***

| | |
|---|---|
| Basic services (not more than $3,200) + additional $300 if confirmed without a continuance of the initially scheduled confirmation hearing | $3,200.00 |
| Real property foreclosure or dispute (not more than $600) | $600.00 |
| Repossession or garnishment (not more than $400) | $ |
| Avoidance of lien(s)/valuation of collateral (personal property) -not more than $150/motion ($350 maximum) | $ |
| Avoidance of lien(s)/valuation of collateral (real property) -not more than $250/motion ($600 maximum) | $500.00 |
| Extension or Imposition of Automatic Stay - not more than $400 | $400.00 |
| Unfiled tax returns (not more than $200) | $ |
| Operation of Business (not more than $1,500) | $ |
| Total of fee components being charged in this case: | $4,700.00 |
| Amount debtor paid before the petition was filed (filing fee not included): | $3,000.00 |
| Balance of attorney fees and costs to be paid through the plan: | $1,700.00 |

**THIS AGREEMENT SUPERSEDES ANY OTHER AGREEMENT BETWEEN THE DEBTOR(S) AND THE ATTORNEY REGARDING SERVICES TO BE PERFORMED IN CONNECTION WITH THIS BANKRUPTCY CASE.**

/s/ _Blake Goodman_____        /s/_Anthony Tarano Mesa_____    /s/ Kathleen Mesa___
   Attorney for Debtor(s)            Debtor                    Joint Debtor (if any)

Dated: 06/26/2013_        Dated: _06/26/2013__        Dated: 06/26/2013__